**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| **SHERITA K. HICKS** | * | |
| **15606 Blue Willow Lane** | * | |
| **Accokeek, Maryland 20607** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | |
| | * | |
| **STATE OF MARYLAND** | * | |
| | * | |
| **Serve: Office of the State Treasurer** | * | |
| **Louis L. Goldstein Treasury Building** | * | |
| **80 Calvert Street** | * | |
| **Annapolis, MD 21401** | * | **Docket No.** |
| | * | |
| **and** | * | |
| | * | |
| **ANNE ARUNDEL COUNTY** | * | |
| | * | |
| **Serve: County Attorney** | * | |
| **Heritage Office Complex, 4th floor** | * | |
| **2660 Riva Road, Annapolis, MD 21401** | * | |
| | * | |
| **and** | * | |
| | * | |
| **ANNE ARUNDEL COUNTY POLICE** | * | |
| **DEPARTMENT** | * | |
| | * | |
| **Serve: Timothy J. Altomare** | * | |
| **Chief of Police** | * | |
| **8495 Veterans Highway** | * | |
| **Millersville, MD 21108** | * | |
| | * | |
| **and** | * | |
| | * | |
| **Detective Gregory Pamer #1747** | * | |
| **Detective F. Bilbrey #1318** | * | |
| **8273 Telegraph Road** | * | |
| **Odenton, MD 21113** | * | |
| | * | |
| **and** | * | |
| | * | |
| | * | |

|                                              |     |
| -------------------------------------------- | --- |
|                                              | *   |
| **and**                                      | *   |
|                                              | *   |
| **State's Attorney Anne Colt Leitess**       | *   |
| **Assistant State's Attorney Glen Neubauer** | *   |
| **Office of the State's Attorney**           | *   |
| **Main Office, Circuit Court Building**      | *   |
| **8 Church Circle - Suite 200**              | *   |
| **Annapolis, MD 21401**                      | *   |
|                                              | *   |
| **and**                                      | *   |
|                                              | *   |
| **Anne Arundel County**                      | *   |
| **Department of Detention Facilities**       | *   |
|                                              | *   |
| **Serve:**                                   | *   |
| **William Martin**                           | *   |
| **Superintendent**                           | *   |
| **31 Jennifer Road**                         | *   |
| **Annapolis, MD 21401**                      | *   |
|                                              | *   |
| **Defendants**                               | *   |

---

## **COMPLAINT**

COMES NOW the Plaintiff, Sherita K. Hicks, by and through her attorney, and sues the Defendants, State of Maryland, Anne Arundel County, the Anne Arundel County Police Department, Detective Gregory Pamer,  Anne Arundel County State's Attorney Anne Colt Leitess**,**  Anne Arundel County Assistant State's Attorney Glen Neubauer and Anne Arundel CountyDepartment of Detention Facilities and avers and alleges the following:

### **PARTIES**

1.      Plaintiff Sherita K. Hicks is an African American Black female (BF) who was a resident of Anne Arundel County Maryland in January of 2017, and who is currently a resident of Prince George's County Maryland.   As explained below, Ms. Hicks has been injured and risks further harm as a result of the Defendants' illegal acts and omissions.

2.      At all times relevant hereto, Defendant, State of Maryland, is and was a municipality doing business and authorized to do business under their own respective laws.

3.      At all times relevant hereto, Defendant Anne Arundel County, is and was a municipality organized under the Constitution of the State of Maryland and various acts of the General Assembly to sue and be sued in its own right, with its principal offices in Annapolis, Anne Arundel County Maryland.

4.      At all times relevant hereto, Defendant Anne Arundel County Police Department is and was a government agency.  The Police Department is responsible for establishing the duties, conduct and discipline of officers and other employees, and establishing policies regarding screening, hiring, training, monitoring, and supervision of all subordinates.  The Police Department acts at all relevant times under the color of state law.

5.      Detective Gregory Pamer #1747 is a police officer employed by Anne Arundel Police Department.  At all relevant times, he was acting under color of state law.  He is sued in both his personal and official capacity.

6.      Detective F. Bilbrey #1318 is a police officer employed by Anne Arundel Police Department.  At all relevant times, he was acting under color of state law.  He is sued in both his personal and official capacity.

7.      The Office of the State's Attorney for Anne Arundel County is and was a government agency.  The Office of the States Attorney is responsible for establishing the duties, conduct and discipline of Assistant State's Attorneys and other employees, and establishing policies regarding screening, hiring, training, monitoring, and supervision of all subordinates. The Office of the State's Attorney acts at all relevant times under the color of state law.

8.      Assistant State's Attorney Glen Neubauer is employed by the Offic of the State's Attorney for Anne Arundel County.  At all relevant times, he was acting under color of state law. He is sued in both his personal and official capacity.

9.      State's Attorney Anne Colt Leitess is employed by the Office of the State's Attorney for Anne Arundel County.  At all relevant times, she was acting under color of state law.  She is sued in her official capacity.

10.      The Anne Arundel County Department of Detention Facilities is and was a government agency.  The Department of Detention Facilities is responsible for establishing the duties, conduct and discipline of officers and other employees, and establishing policies regarding screening, hiring, training, monitoring, and supervision of all subordinates.  The Department of Detention Facilities  acts at all relevant times under the color of state law.

## JURISDICTION AND VENUE

11.      Jurisdiction is proper in this court as this is an action for violation of the Plaintiff's civil and constitutional rights by the defendants under 42 U.S.C. Section 1983 as well as other torts.

12.      Due to the federal questions involved in the consideration of the Plaintiff's claims under the above-stated laws, this Court has jurisdiction under 29 U.S.C. §1331.

13.      Venue is appropriate to this Court because all parties reside and or are located in the state of Maryland.   Additionally, the tortious acts and omissions occurred in Maryland and injured Ms. Hicks there as well.

## PRE-SUIT ACTIONS

14.     Ms. Hicks has satisfied the prerequisites to suit specified by the Maryland Tort

Claims Act, Md. Code Ann., State Gov't §12-106, and the Local Government Tort Claims Act,

Md. Code Ann., Cts & Jud. Proc. §5-304, for each respective claim in this Complaint to which

these laws apply.

15.     Ms. Hicks, through counsel, sent notice of her claims to the Office of the Anne

Arundel County Attorney by certified mail, return receipt requested on or about May 8, 2017.

16.     Ms. Hicks, through counsel, sent notice of her claims to the Maryland State

Treasurer by certified mail, return receipt requested, on or about June 26, 2017.

**FACTS**

17.     The averments of fact stated in all preceding paragraphs are adopted herein and

made a part hereof as if fully set forth herein.

18.     On January 1, 2017, at approximately 2:44am, Plaintiff called the police to report

an attempted break in and attempted theft of an All Terrain Vehicle (ATV) from her home at

8240 Marlton Court, Severn, MD  21144.  Later that day, Devante Allen was assaulted at or near

8151 Mead Village Road, Severn, MD 21144.  Mr. Allen stated that he was assaulted by an

unknown light skinned Black female and two Black males.  One of the Black males was known

to him as CW.  CW struck Mr. Allen's hand repeatedly with a sledge hammer while the other

two assailants held him down.  As a result, Mr. Allen sustained injuries including a compound

fracture to his middle finger.  Police ascertained that CW arrived and left in a gray van with dark

tinted windows, and it was subsequently determined that the gray van was registered to Plaintiff.

19.      On January 5, 2017, Detective Gregory Pamer interviewed Devante Allen who

told them that CW is his first cousin Charles Wells, subsequently identified by police as Charles

Albert Wells III. Mr. Allen also said that the second male assailant is Ryan Harrison, who he has

known for about two years.  Mr. Allen identified photos of Wells and Harrison, and signed his name on the photographs.

20.     Detective F. Bilbrey #1318 created a photo array containing a photo of Plaintiff and five other women.  According to Detective Pamer, Plaintiff was developed as a possible suspect due to her ownership of the gray van, and because she called the police to report the attempted theft.  According to Detective Pamer, Mr. Allen identified Plaintiff as the female who assaulted him along with Wells and Harrison.  According to Detective Pamer, when Mr. Allen was asked to state how certain he was that this was the woman who attacked him he stated "it's her, " and when asked a second time whether he was certain, Mr. Allen repeated "it's her."

21.     A review of the photo spread provided as discovery in the criminal case by the Anne Arundel County State's Attorney's Office reveals that Detective Pamer was not truthful when he stated that Mr. Allen identified Plaintiff in the photo spread.  According to the Photo Array Instruction Form which is signed by Mr. Allen, Mr. Allen indicates that he has identified photo number one.  Photo number one in the spread that was provided to Plaintiff as discovery in the criminal case against her is signed by Devante Allen, just as Devante Allen signed the photos of the other suspects Wells and Harrison.  However, photo number one is not a photo of Plaintiff Sherita Hicks.  The photo of Plaintiff Sherita Hicks is photo number 5 of the array, a fact which was known to the Detective Pamer, Detective Bilbrey, and other members of the Anne Arundel County Police.

22.     Despite the fact that he knew or should have known that Plaintiff Sherita Hicks was not the person that Mr. Allen identified in the photo array, on January 16, 2017 Detective Pamer swore under oath in an Application for Statement of Charges that Mr. Allen identified

Plaintiff Hicks  in the photo array.[1]  He  also stated in the Application for Statement of Charges

that the Plaintiff was identified from video footage as participating in this incident, however, he

never states who made that identification, nor does he provide any basis upon which an

independent determination can be made that the identification in fact occurred.[2]  Detective Pamer

also incorrectly stated in the arrest warrant that the incident occurred on or about January 16,

2017, however, the executed arrest warrant appears to have handwritten corrections as to the date

of occurrence.  As a result of Detective Pamer's falsehoods included in the Application for

Statement of Charges, a nine-count Statement of Charges was issued charging Plaintiff with First

Degree Assault, Conspiracy to Commit First Degree Assault, Second Degree Assault,

Conspiracy to Commit Second Degree assault, Openly Wearing a Sledge Hammer with Intent to

Injure, Conspiracy to Openly Wear a Sledge Hammer with Intent to Injure, Reckless

Endangerment, Conspiracy to Commit Reckless Endangerment, and False Imprisonment.

23.     On January 12, 2017, Detective Pamer mislead the court by swearing in an

affidavit for a search and seizure warrant for Plaintiff's home, her car, and her person that Mr.

Allen identified Plaintiff Sherita Hicks in the photo array, even though the Detective knew or

should have known that this was not true. [3]

24.     On or about January 18, 2017, Detective Pamer interviewed Suspect Harrison

about the assault on Mr. Allen.  Mr. Harrison told Detective Pamer that the assailants were Mr.

Harrison, CW, and Mama, a woman who is Mr. Harrison's cousin.  Detective showed Mr.

---

[1] Detective Pamer swore to the same falsehoods in Applications for Statements of Charges for Mr. Wells and Mr. Harrison.

[2] Despite two discovery requests, to this day the source and surrounding circumstances of this identification proceeding has never been revealed by the police department or the State's Attorney's Office.

[3] The search warrant affidavit also requested permission to search the persons of Charles Wells and Ryan Harrison, two Twitter accounts, and a cellular telephone seized from Ryan L. Harrison.

Harrison a photo of Plaintiff, and while initially, Mr. Harrison denied knowing her, Mr. Harrison subsequently admitted that he did know Plaintiff and that Plaintiff was not involved, and that the van involved was a van that she normally drives.

25.     On or about January 18, 2017, Detective Pamer interviewed Suspect Charles Wells.   As is clear from his police report describing the encounter, Detective Pamer used poor interview techniques in this interview, in that he informed Charles Wells that his suspects were Wells, Ryan, and Sherita.   Per his police report, Charles Wells simply agreed with the Detective Pamer's statement to him regarding the identify of the suspects.   Charles Wells also told Detective Pamer that his girlfriend's name is India Jones, and that she was called "Mama." However, Mr. Wells did not volunteer information that his girlfriend was the person who was involved in this incident. Despite the fact that Detective Pamer knew that Sherita Hicks was not the person identified in the photo array, and despite the fact that Mr. Harrison had told Detective Pamer that "Mama" was the female involved in the assault, Detective Pamer did not ask Mr. Wells whether "Mama" was involved.

26.     On or about January 20, 2017, after obtaining the information from Ryan Harrison's cell phone, Detective Pamer discovered a contact with the name "mumma" and confirmed that the number had been associated with India Jones.  Mr. Allen did not identify Ms. Jones from a photo array.

27.     Detective Pamer swore to the Court on two separate occasions that Plaintiff had been identified by Mr. Allen in a photo array—in his Applications for Statements of Charges for Plaintiff, Mr. Wells and Mr. Harrison; and in his Affidavit for Search and Seizure Warrant.  His statement simply was not true, and he either knew or should have known that the statement was

not true when he swore to it in documents which were subsequently used to falsely arrest Plaintiff.

28.     On January 19, 2017, Detective Pamer arrested Plaintiff on the arrest warrant that he obtained as a result of the falsehoods and misinformation about Plaintiff.  As a result of the events Detective Pamer described in the warrant and the false information that he included therein, the Plaintiff was held without bond at presentment.

29.     After being held without bond, the Plaintiff was remanded to the custody of the Anne Arundel County Jail.  While in the jail Plaintiff was treated poorly, roughly and harshly, and as a result of the false accusations and the harsh treatment, Plaintiff became suicidal.  When her situation became known to the personnel at the jail, she was stripped of her clothes and made to stay in an unheated jail cell naked and unclothed.  Plaintiff was on her menstrual period at this time, and she was not provided with anything—no support, no supplies, and no consideration to address or assist her with her menses.

30.     On January 20, 2017, Plaintiff and her case were presented to the District Court for Bond Review.  At the hearing, the assigned prosecutor stated that he felt compelled to tell the court that another suspect had been developed. [4] He never revealed the name or any other details about the new suspect.  Nevertheless, he still proceeded to request that Plaintiff continue to be held without bond, despite his having knowledge that someone else may have committed this crime.   The Court changed Plaintiff's bond from no bond to $75,000, and allowed her to post 10 percent of that amount. Were it not for the resources and assistance of her family, Plaintiff would not have been released, and would have continued to be suicidal, and held under the horrifyingly inhumane conditions described.

---

[4] At this time the name of that prosecutor is unknown.

31.     Despite the fact that it was clear that Detective Pamer's Application for Statement of Charges and his Affidavit for Search Warrant contained false information, the State's Attorney's Office for Anne Arundel County and Assistant State's Attorney Glen Neubauer sought and presented this case for indictment.  This  false information was presented to the Grand Jury, and as a result Plaintiff was indicted for First Degree Assault, Second Degree Assault, Reckless Endangerment, and Conspiracy to Commit First Degree Assault.

32.     Detective Pamer and the members of the Anne Arundel County Police Department never presented the fact that they had exculpatory information that indicated that Plaintiff was not involved in this crime to the Court when presenting the Application for Statement of Charges and the Affidavit for Search and Seizure Warrant, despite the fact that they had the exculpatory information in their possession and despite the fact that they knew or should have known that Plaintiff was not involved in this crime.

33.     Assistant State's Attorney Glen Neubauer and the members of the Anne Arundel County State's Attorney's Office never presented the fact that they had exculpatory information that indicated that Plaintiff was not involved in this crime to the Court when pursing a no bond hold for Plaintiff at the bond review hearing, and when presenting the case to the Grand Jury, despite the fact that they had exculpatory information in their possession and despite the fact that they knew or should have known that Plaintiff was not involved in this crime.

34.     After her case was indicted, Plaintiff requested discovery from the State's Attorney's Office, including exculpatory information that is required to be provided as discovery without request.  Plaintiff also sought a Bill of Particulars and specifically requested exculpatory information and information about the suspect that the bond review Assistant State's Attorney felt compelled to inform the Court.  However, rather than answer the Plaintiff's specific

discovery requests or provide the exculpatory information without request as required by Maryland law, the Anne Arundel County State's Attorney's Office and Assistant State's Attorney Glen Neubauer entered the case as Nolle Prosequi.  To this day the requested exculpatory information has not been provided to the Plaintiff.

35.     For the entirety of these pending criminal charges, Defendant Detective Pamer as an individual and or as an agent, servant and/or employee of the other Defendants knew or should have known that Plaintiff had not been identified as involved in the assault against Devonte Allen.

36.     For the entirety of these pending criminal charges, Defendant Detective F. Bilbrey as an individual and or as an agent, servant and/or employee of the other Defendants knew or should have known that Plaintiff had not been identified as involved in the assault against Devonte Allen.

37.     From the time the case came into the possession of the State's Attorney's Office for Anne Arundel County until the case was entered as Nolle Prosequi, Defendants the State's Attorney's Office and Assistant State's Attorney Glen Neubauer as an individual and or as an agent, servant and/or employee of the other Defendants knew or should have known that they were falsely withholding exculpatory information and that Plaintiff had not been identified as involved in this assault.

38.     While she was incarcerated in the Anne Arundel County Detention Center for a crime that Detective Pamer manufactured evidence against her and that she did not commit, the incarceration was exceeding traumatic to Plaintiff as well as to her family members, to include her parents, siblings, children and grandchild.

39.     This unfounded arrest and incarceration adversely affected and continues to affect Plaintiff's personal, professional and family life.

40.     While under the control of the Anne Arundel Department of Detention Facilities, the Plaintiff was mistreated and held under dehumanizing and inhumane conditions.  The Anne Arundel Department of Detention Facilities failed to properly train and instruct their employees as to how to handle and treat people in Plaintiff's situation, and failed to exercise appropriate care and control of Plaintiff and her situation.

41.     This unfounded arrest and incarceration was without justification and cause.  The actions of the police officers and other agents, servants and or employees of the Defendants in this action were committed without due care and /or with gross negligence and/or with a willful and wanton disregard for the rights of Ms. Hicks.

## CLAIMS

### COUNT 1

**(False Arrest – All Defendants)**

42.     The allegations and averments of fact contained in Paragraphs 1 – 31 are hereby adopted and incorporated by reference as though stated in full herein.

43.     Plaintiff asserts this claim against all Defendants.

44.     Defendants State of Maryland, Anne Arundel County, Anne Arundel County Police Department, Detective Gregory Pamer, Detective F. Bilbrey, Anne Arundel Department of Detention Facilities, Anne Arundel County State's Attorney Office and Assistant Anne Arundel County State's Attorney Glen Neubauer individually and/or through their agents, servants and /or employees as well as Defendant Neubauer, did intentionally and unlawfully restrain and or/detain Plaintiff Sherita Hicks at the Anne Arundel County Detention Center.

45.     The conduct complained of deprived Ms. Hicks of her individual freedom of movement.

46.     The Plaintiff's unlawful arrest compelled her to remain within the Anne Arundel County Detention Center where she did not want to be.

47.     At no time did Ms. Hicks consent to the arrest or  to her continued unjust detention.

48.     Ms. Hicks' imprisonment lacked any legal justification and was therefore an impermissible restraint of her liberty.

49.     That as a result of the Defendants' tortious acts Ms. Hicks suffered damages including emotional trauma, humiliation, distress and bodily injury.

WHEREFORE, the Plaintiff, Sherita  Hicks, demands judgment in an amount which exceeds Seventy Five Thousand Dollars and 00/100 ($75,000), plus interest, costs and attorney fees against the Defendants jointly and severally.

## COUNT 2

**(False Imprisonment – All Defendants)**

50.     The allegations and averments of facts contained in all preceding paragraphs are hereby adopted and incorporated by reference as though stated in full herein.

51.     The Defendants, individually and /or through their agents, servants and employees did deprive Plaintiff Sherita Hicks of her personal liberty without consent.

52.     The conduct complained of was done with force, threats of force and other actions and Ms. Hicks was conscious of the confinement and harmed by the confinement.

53.     The Plaintiff Sherita  Hicks' unlawful arrest compelled her to remain within the Anne Arundel County Detention Center where she did not want to be.

54.     At no time did Ms. Hicks consent to the arrest or her continued unjust detention.

55.     Ms. Hicks imprisonment lacked any legal justification and was therefore an impermissible restraint of her liberty.

WHEREFORE, the Plaintiff, Sherita K. Hicks, seeks compensatory damages in an amount which exceeds Seventy Five Thousand Dollars and 00/100 ($75,000), plus interest, costs and attorney fees against the Defendants jointly and severally.

## **COUNT 3**

### **(Negligence – All Defendants)**

56.     The allegations and averments of facts contained in all preceding paragraphs are hereby adopted and incorporated by reference as though stated in full herein.

57.     The Defendants individually and/or through their agents, servants and/or employees had a duty to use reasonable care not to harm Ms. Hicks or to violate her rights.

58.     This duty was breached.  The breaches included, but are not limited to, the following:

a.  Falsely arresting/detaining Ms. Hicks;

b.  Improperly investigating the incident in question, including the assault on Devonte Allen;

c.  Improperly accusing Ms. Hicks of crimes;

d.  Failure to properly train;

e.  Failure to properly evaluate before promoting or hiring;

f.  Further breaches to be identified through discovery

59.     As a result of the Defendants' conduct as set forth above, Ms. Hicks has suffered and will continue to suffer severe mental anguish, emotional distress, medical and other related expenses and a loss of income.

WHEREFORE, the Plaintiff, Sherita K. Hicks, seeks compensatory damages in an amount which exceeds Seventy Five Thousand Dollars and 00/100 ($75,000), plus interest, costs and attorney fees against the Defendants jointly and severally.

## COUNT 4

### (Violations of Maryland Declaration of Rights/State Constitutional Claim)

60.     The allegations and averments of fact contained in all preceding paragraphs are hereby adopted and incorporated by reference as though stated in full herein.

61.     This is, in part, an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity that are secured to the Plaintiff by the Declaration of Rights of the Constitution of the State of Maryland, including but not limited to Articles 2, 19, 24 and 26, and arising under the law and statutes of the State of Maryland.

62.     During all times mentioned herein, Defendants engaged in the illegal conduct herein mentioned, to the injury of Ms. Hicks and deprived her of her then existing and clearly established rights, privileges and immunities secured to her by Declaration of Rights of the Constitution of the State of Maryland, including but not limited to Articles 2, 19, 24 and 26, and arising under the laws and statutes of the State of Maryland.

63.     All defendants acting under color of Law, have subjected Ms. Hicks to conduct consisting of unreasonable, unnecessary and excessive force, deprivation of his due process rights, deprivation of his equal protection rights, police misconduct, false imprisonment,

improper detention, improper investigation, suppression of evidence, failure to release Ms. Hicks upon learning exculpatory information, improper training and producers and protocols which may, upon further information, constitute a pattern and procedures and protocols which may, upon further information, constitute a pattern and practice by the Defendants, in denial of the rights, privileges and immunities guaranteed to Ms. Hicks by the Constitution of the State of Maryland.

64.     This conduct consists of unreasonable or excessive force, improper supervision, police misconduct and the other allegations set forth above which was visited upon Ms. Hicks by the Defendants, by and through their agents, servants and employees, acting under color of law. These acts, while carried out under color of law, have no justification or excuse in law and are instead gratuitous, illegal, improper, objectively unreasonable and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

65.     The acts alleged herein violated clearly established constitution rights of Ms. Hicks, were not objectively reasonable, and were done under circumstances in which no reasonable person or officer would fail to realize that his or her conduct was a violation of Ms. Hicks' rights.

66.     Defendants and their agents, servants and/or employees acted improperly and/or acted willfully, knowingly and purposefully with specific intent, to deprive Ms. Hicks of her rights, privileges and immunities secured to her by the Constitution of the State of Maryland, including but not limited to the following:  Freedom from illegal detention or imprisonment; freedom from the use of excessive or unreasonable force; freedom from physical abuse, coercion and intimidation; the right to due process; the right to life, the right to liberty; and freedom from

16

unreasonable searches and seizures.  All of these rights are secured to the Plaintiff by the provisions of the Declaration of Rights of the Constitution of the State of Maryland.

67.     Alternatively, the acts alleged herein were intentionally performed with malice, without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure Ms. Hicks.

68.     As a result of the Defendants' conduct as set forth above, Ms. Hicks has suffered and will continue to suffer severe anguish, emotional distress, medical and other related expenses and a loss of income.

WHEREFORE, the Plaintiff, Sherita  Hicks, seeks compensatory damages in an amount which exceeds Seventy Five Thousand Dollars and 00/100 ($75,000), plus interest, costs and attorney fees against the Defendants jointly and severally.

<u>**COUNT 5**</u>

**(Vicarious Liability)**

69.      The allegations and averments of fact contained in all preceding paragraphs are hereby adopted and incorporated by reference as though stated in full herein.

70.     In addition to their own individual liability described above and at all times pertinent to the subject matter of this case, Defendant Pamer, Detective Bilbrey, and any other Anne Arundel County Police Department Police Officers involved with Ms. Hicks' arrest and prosecution were also the agents, servants and/or employees of Defendants State of Maryland and Anne Arundel County.

71.     In addition to their own individual liability described above and at all times pertinent to the subject matter of this case, Defendant Neubauer and any other Anne Arundel County State's Attorney's Office prosecutors and other employees involved with Ms. Hicks'

arrest and prosecution were also the agents, servants and/or employees of Defendants State of

Maryland and Anne Arundel County.

72.     In addition to their own individual liability described above and at all times

pertinent to the subject matter of this case, Defendant Anne Arundel County Department of

Detention Facilities  and its employees involved with Ms. Hicks' arrest and prosecution were

also the agents, servants and/or employees of Defendants State of Maryland and Anne Arundel

County.

73.     At all times pertinent herein, Defendant Pamer, Detective Bilbrey, and any other

Anne Arundel County Police Department Police Officers involved with Ms. Hicks' arrest were

acting in concert with, for and on behalf of, at the insistence, request and instruction of

Defendants State of Maryland and Anne Arundel County; and was otherwise acting within the

scope of their responsibility, authority and employment as agent, servant and/or employee of said

Defendants.

74.     At all times pertinent herein, Defendant Neubauer and any other Anne Arundel

County State's Attorney's Office prosecutors and other employees involved with Ms. Hicks'

arrest and prosecution were acting in concert with, for and on behalf of, at the insistence, request

and instruction of Defendants State of Maryland and Anne Arundel County; and was otherwise

acting within the scope of their responsibility, authority and employment as agent, servant and/or

employee of said Defendants.

75.     At all times pertinent herein, Defendant Anne Arundel County Department of

Detention Facilities  and its employees  involved with Ms. Hicks' arrest and prosecution were

acting in concert with, for and on behalf of, at the insistence, request and instruction of

Defendants State of Maryland and Anne Arundel County; and was otherwise acting within the

scope of their responsibility, authority and employment as agent, servant and/or employee of said Defendants.

76.     Defendants are vicariously liable for the acts of the police officers who were acting in the cause of and within the scope of their responsibility, authority and employment as agents, servants and/or employees of Defendants State of Maryland and Anne Arundel County at all times pertinent herein.

77.     Defendants are vicariously liable for the acts of the prosecutors and other employees of the State's Attorney's Office who were acting in the cause of and within the scope of their responsibility, authority and employment as agents, servants and/or employees of Defendants State of Maryland and Anne Arundel County at all times pertinent herein.

78.     Defendants are vicariously liable for the acts of the employees of the Department of Detention Facilities who were acting in the cause of and within the scope of their responsibility, authority and employment as agents, servants and/or employees of Defendants State of Maryland and Anne Arundel County at all times pertinent herein.

79.     Defendants State of Maryland and Anne Arundel County are liable for the acts of the police officers involved in the facts described above that give rise to this litigation and complained of herein under the Local Government Tort Claims Act and the State Tort Claims Act.

80.     Defendants State of Maryland and Anne Arundel County are liable for the acts of the prosecutors and other employees of the State's Attorney's Office involved in the facts described above that give rise to this litigation and complained of herein under the Local Government Tort Claims Act and the State Tort Claims Act.

81.     Defendants State of Maryland and Anne Arundel County are liable for the acts of the employees of the Department of Detention Facilities involved in the facts described above that give rise to this litigation and complained of herein under the Local Government Tort Claims Act and the State Tort Claims Act.

82.     As a result of the Defendants' conduct as set forth above, Sherita Hicks has suffered and will continue to suffer severe mental anguish, emotional distress, medical and other related expenses and a loss of income.

WHEREFORE, the Plaintiff, Sherita K. Hicks, seeks compensatory damages in an amount which exceeds Seventy Five Thousand Dollars and 00/100 ($75,000), plus interest, costs and attorney fees against the Defendants jointly and severally.

## COUNT 6

**(Malicious Prosecution)**

83.     The allegations and averments of fact contained in all preceding paragraphs are hereby adopted and incorporated by reference as though stated in full herein.

84.     The Defendants, individually and/or through their agents, servants and/or employees commenced a criminal proceeding to be instituted against Ms. Hicks.  This action was based upon information which their knew or should have known was false.  Further, the agents of the defendants came into possession of information which a reasonable person would have realized affected the decision to prosecute.

85.     Alternatively, the Defendants properly instituted the action, but soon thereafter came into possession of information which demonstrated probable cause was lacking, yet the Defendants' agents did not take action to release Ms. Hicks from custody and/or have the charges removed.

86.     The criminal proceedings brought against Ms. Hicks were terminated in her favor.

87.     The proceedings against Ms. Hicks were instituted without probable cause for the reasons set forth above.  The lack of probable cause at the time of the initial detention and further lack of probable cause after information was obtained demonstrating Ms. Hicks was not guilty of any of the crimes alleged and the fact that the prosecution chose to terminate prosecution rather than reveal the exculpatory information as required by law are evidence that the claim was instituted and/or continued with malice and/or with a purpose other than bringing Ms. Hicks to justice.

**COUNT 7**

**(Violations of Federal Law -  Constitutional Claim)**

88.     The allegations and averments of fact contained in all preceding paragraphs are hereby adopted and incorporated by reference as though stated in full herein.

89.     This is, in part, an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity that are secured to the Plaintiff by the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments,  and arising under the law and statutes of the United States.

90.     During all times mentioned herein, Defendants engaged in the illegal conduct herein mentioned, to the injury of Ms. Hicks and deprived her of her then existing and clearly established rights, privileges and immunities secured to her by the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments,  and arising under the law and statutes of the United States.

91.     All defendants acting under color of Law, have subjected Ms. Hicks to conduct consisting of unreasonable, unnecessary and excessive force, deprivation of his due process

rights, deprivation of his equal protection rights, police misconduct, false imprisonment, improper detention, improper investigation, suppression of evidence, failure to release Ms. Hicks upon learning exculpatory information, improper training and producers and protocols which may, upon further information, constitute a pattern and procedures and protocols which may, upon further information, constitute a pattern and practice by the Defendants, in denial of the rights, privileges and immunities guaranteed to Ms. Hicks by the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments,  and arising under the law and statutes of the United States.

92.     This conduct consists of unreasonable or excessive force, improper supervision, police and prosecutorial misconduct and the other allegations set forth above which was visited upon Ms. Hicks by the Defendants, by and through their agents, servants and employees, acting under color of law.  These acts, while carried out under color of law, have no justification or excuse in law and are instead gratuitous, illegal, improper, objectively unreasonable and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

93.     The acts alleged herein violated clearly established constitution rights of Ms. Hicks, were not objectively reasonable, and were done under circumstances in which no reasonable person or officer would fail to realize that his or her conduct was a violation of Ms. Hicks' rights.

94.     Defendants and their agents, servants and/or employees acted improperly and/or acted willfully, knowingly and purposefully with specific intent, to deprive Ms. Hicks of her rights, privileges and immunities secured to her by the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments,  and arising under the law and statutes of

22

the United States; including but not limited to the following: Freedom from illegal detention or imprisonment; freedom from the use of excessive or unreasonable force; freedom from physical abuse, coercion and intimidation; the right to due process; the right to life, the right to liberty; and freedom from unreasonable searches and seizures.  All of these rights are secured to the Plaintiff by the provisions of the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments,  and arising under the law and statutes of the United States.

95.     Alternatively, the acts alleged herein were intentionally performed with malice, without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure Ms. Hicks.

96.     As a result of the Defendants' conduct as set forth above, Ms. Hicks has suffered and will continue to suffer severe anguish, emotional distress, medical and other related expenses and a loss of income.

## COUNT 7

### (Violations of Federal Law -  42 U.S. Code § 1983 )

97.     The allegations and averments of fact contained in all preceding paragraphs are hereby adopted and incorporated by reference as though stated in full herein.

98.     This is, in part, an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity that are secured to the Plaintiff by the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments,  and arising under the law and statutes of the United States, including but not limited to 42 U.S. Code § 1983.

99.     During all times mentioned herein, Defendants engaged in the illegal conduct herein mentioned, to the injury of Ms. Hicks and deprived her of her then existing and clearly established rights, privileges and immunities secured to her by the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments,  and arising under the law and statutes of the United States including but not limited to 42 U.S. Code § 1983.

100.     All defendants acting under color of Law, have subjected Ms. Hicks to conduct consisting of unreasonable, unnecessary and excessive force, deprivation of his due process rights, deprivation of his equal protection rights, police misconduct, false imprisonment, improper detention, improper investigation, suppression of evidence, failure to release Ms. Hicks upon learning exculpatory information, improper training and producers and protocols which may, upon further information, constitute a pattern and procedures and protocols which may, upon further information, constitute a pattern and practice by the Defendants, in denial of the rights, privileges and immunities guaranteed to Ms. Hicks by the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments,  and arising under the law and statutes of the United States including but not limited to 42 U.S. Code § 1983. .

101.     This conduct consists of unreasonable or excessive force, improper supervision, police and prosecutorial misconduct and the other allegations set forth above which was visited upon Ms. Hicks by the Defendants, by and through their agents, servants and employees, acting under color of law.  These acts, while carried out under color of law, have no justification or excuse in law and are instead gratuitous, illegal, improper, objectively unreasonable and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

102.    The acts alleged herein violated clearly established constitution rights and federal statutory rights of Ms. Hicks, were not objectively reasonable, and were done under circumstances in which no reasonable person or officer would fail to realize that his or her conduct was a violation of Ms. Hicks' rights.

103.    Defendants and their agents, servants and/or employees acted improperly and/or acted willfully, knowingly and purposefully with specific intent, to deprive Ms. Hicks of her rights, privileges and immunities secured to her by the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments,  and arising under the law and statutes of the United States including but not limited to 42 U.S. Code § 1983; including but not limited to the following:  Freedom from illegal detention or imprisonment; freedom from the use of excessive or unreasonable force; freedom from physical abuse, coercion and intimidation; the right to due process; the right to life, the right to liberty; and freedom from unreasonable searches and seizures.  All of these rights are secured to the Plaintiff by the provisions of the United States Constitution including but not limited to the Fourth, Fifth, and Sixth Amendments, and arising under the law and statutes of the United States including but not limited to 42 U.S. Code § 1983.

104.    Alternatively, the acts alleged herein were intentionally performed with malice, without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure Ms. Hicks.

105.    As a result of the Defendants' conduct as set forth above, Ms. Hicks has suffered and will continue to suffer severe anguish, emotional distress, medical and other related expenses and a loss of income.

106.    These violations were carried out with malice and/or reckless indifference to Plaintiff's rights.  Accordingly, Plaintiff puts Defendants on notice that she requests punitive damages against all Defendants  as echoed in the Wherefore Claim herein.

**Relief**

**WHEREFORE,** the Plaintiff demands judgment against the Defendants jointly and severally as follows:

1.  Compensatory Damages  that exceed Seventy Five Thousand Dollars and 00/100 ($75,000),

2.  Punitive Damages

3.  Costs and Interest

4.  Attorney's Fees, expenses and costs

5.  Such other relief as the Court deems just and proper.

**Demand for Jury Trial**

Plaintiff hereby makes a demand for trial by jury in this matter.

Respectfully Submitted,

\_\_/s/_____
Wanda J. Dixon, Esq.
Attorney for Plaintiff Hicks
The Dixon Law Firm, LLC
1401 Mercantile Lane, Suite 381
Largo, MD   20774
MD District Court Bar number 18386
wdixon@thedixonlawfirm.law
301-452-7152