UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **SHERITA K. HICKS** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| vs. | *   Docket No.  1:20-cv-00022-DLB |
| | * |
| **STATE OF MARYLAND   et al.** | * |
| | * |
| **Defendants** | * |

## PLAINTIFF'S MOTION IN LIMINE

Comes now the Plaintiff by and through counsel and moves In Limine to prevent the Defense from questioning her regarding and or presenting or attempting to present any evidence that the Plaintiff was previously arrested or had previous contact with the criminal justice system.  Such evidence is impermissible because Plaintiff has no prior convictions or anything that relates to this matter, and any evidence of prior arrests would be inadmissible as being irrelevant and not related to this matter.  The Plaintiff has reason to believe that the Defendants may attempt to introduce evidence, make prejudicial statements, or ask prejudicial questions about her character in this case. Under the Federal Rules of Evidence, the defense may not introduce specific instances of misconduct by the Plaintiff, and it may not introduce any evidence of her character unless such evidence is "pertinent" to the case. Fed. R. Evid. 404(a)(2) (requiring evidence against witness to be "pertinent"); Fed. R. Evid. 405 (limiting evidence of specific conduct to cases in which character is "an essential element of a charge, claim, or defense"). Here, Ms. Hicks' character is irrelevant to any legally- permissible defense and is therefore not "pertinent." Accordingly, the Court should order the Defendants not to make any statements about her character without leave of the Court, secured outside the presence of the

jury. Additionally extrinsic proof of such prior arrests and other contacts with the criminal justice system is not allowed. Under Federal Rule of Evidence 608, specific instances of bad conduct by a witness may not be proven by "extrinsic evidence." Fed. R. Evid. 608. Therefore, the Plaintiff requests that the Court issue an order enjoining the Defendants from introducing this or other extrinsic evidence of specific bad acts to prove character.

Respectfully Submitted,

_____/s/_____
Wanda J. Dixon
Attorney for Ms. Hicks
The Dixon Law Firm, LLC
1401 Mercantile Lane Suite 381
Largo, MD 20774

Certificate of Service

I hereby certify that I have caused a copy of Plaintiff's Motion in Limine to be served to all interested parties via ecf on this 3rd day of January, 2022.

Wanda J. Dixon