IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHERITA K. HICKS, | * |
| Plaintiff, | * |
| v. | *   Civ. No. DLB-20-0022 |
| ANNE ARUNDEL COUNTY, *et al.*, | * |
| Defendants. | * |

**MEMORANDUM OPINION & ORDER**

Sherita Hicks filed a civil rights action against Detective Gregory Pamer and Anne Arundel County, Maryland after Pamer mistakenly identified Hicks as the assailant in a violent assault. Hicks claimed that Pamer violated 42 U.S.C. § 1983 and related state laws by unlawfully arresting and detaining her and maliciously prosecuting her and that Anne Arundel County was vicariously liable for Pamer's conduct. A jury found the defendants not liable on all claims. The verdict was affirmed on appeal. The Clerk taxed costs against Hicks, the non-prevailing party. Hicks filed a motion to review, vacate, and set aside the Clerk's order taxing costs. For the following reasons, the motion is granted.

**I.   Background**

Pamer led the Anne Arundel County Police Department's investigation into the violent assault of Devante Allen. *Hicks v. Anne Arundel Cnty.*, 110 F.4th 653, 655 (4th Cir. 2024). During the investigation, Pamer learned that two men and a woman were involved in the assault, and he "developed Hicks as a suspect based on" the following information:

> Pamer showed Allen a photo lineup of several women that included a picture of Hicks. Allen incorrectly identified Hicks as the female assailant. As the investigation continued, Pamer learned that a video recording from the assault captured the assailants coming and going in a silver/grey van. The recording also depicted a female saying, "my house, you broke into my house." As it turns out,

> the silver/grey van used during the assault was registered to Hicks. Last, Pamer learned that the attack was retribution for a prior attempted theft and break-in at Hicks' home.

*Id.* at 656 (citation to record omitted). Relying on that information, Pamer filed an application for a search and seizure warrant for Hicks's home and an application for a statement of charges to obtain an arrest warrant for Hicks. *Id.*; *see* ECF 162, at 59:18 – 60:16, 64:12–18, 66:7–68:5 (Trial Tr. June 22, 2022). Pamer later "received exculpatory information that implicated a woman other than Hicks as the female assailant from Allen's assault." *Hicks*, 110 F.4th at 656. Notwithstanding the exculpatory information, Pamer arrested Hicks, and she was incarcerated overnight before she was released on bond. *Id.* Hicks was indicted by a grand jury "on charges related to her alleged role in Allen's assault"; those charges "were later dismissed." *Id.*[1]

Believing her rights had been violated, Hicks filed an action in this Court asserting that Pamer violated her federal and state constitutional rights by intentionally or recklessly making a false statement in the application for statement of charges and by maliciously prosecuting her and that Anne Arundel County was vicariously liable for Pamer's actions. Pamer and Anne Arundel County prevailed at trial. Hicks filed a motion for a new trial, which was denied. The United States Court of Appeals for the Fourth Circuit affirmed the judgment. *Hicks*, 110 F.4th at 655; ECF 142 (judgment), 152 & 153 (order & mem.).

Pamer and Anne Arundel County filed a motion for a bill of costs for $3,749.11. ECF 170. The costs were for the transcript of Hicks's deposition, the transcripts of seven audio interviews, the service of six trial subpoenas, and the trial transcripts for appeal. *Id.* ¶ 5. Hicks objected because she is unable to pay costs. ECF 171, at 1. Notwithstanding Hicks's inability to pay, the Clerk

---

[1] Pamer charged Hicks with first and second degree assault, wearing or carrying a dangerous weapon with the intent to injure, false imprisonment, reckless endangerment, and conspiracy.

reviewed the defendants' request "because the Clerk's authority to tax costs does not include any equitable authority," which means that "the Clerk cannot deny costs based on undue hardship or in the interests of justice." ECF 173, at 2 (citing *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012); *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011)). On March 14, 2025, the Clerk taxed $3,499.11 in costs against Hicks. *Id.*[2]

On March 31, Hicks moved to set aside the Clerk's costs award. ECF 174. The defendants opposed the motion, arguing that it was untimely and that the costs awarded were just. ECF 175, at 2–3. Hicks did not file a reply, and the time for doing so has passed. *See* Loc. R. 105.2(a). A hearing is not necessary. *See* Loc. R. 105.6.

**II.    Discussion**

Rule 54 states: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice." Fed. R. Civ. P. 54(d)(1). After the Clerk acts on the request for costs, a party may move for the Court to review the Clerk's action "within the next 7 days." *Id.*

The Clerk issued an order taxing costs on Hicks on March 14, 2025. Hicks's motion to review the order should have been filed by March 21, but Hicks did not file the motion until March 31.

"When an act may or must be done within a specified time," such as within the seven-day window set by Rule 54(d)(1), "the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension

---

[2] The Clerk reduced the amount it awarded for witness subpoenas from $345 to $95 because only one of the subpoenaed witnesses testified and service on that witness cost $95. ECF 173, at 4.

3

expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1).

Hicks did not ask for an extension of time before March 21, and the Court did not extend the time of its own accord. Thus, the Court may extend the time only upon a motion and only if Hicks shows that her failure to file a timely motion was due to excusable neglect. Although Hicks did not file a separate motion for leave to file the motion for review of the Clerk's order out of time, the Court construes her motion to set aside the Clerk's order taxing costs to include such a request. *See Meyers v. Baltimore Cnty.*, No. ELH-10-549, 2014 WL 1348007, at *2 (D. Md. Apr. 3, 2014) (considering untimely motion for review of order taxing costs under Rule 54(d) "as including a request to file an untimely Motion" and "consider[ing] whether plaintiffs ha[d] demonstrated excusable neglect"). The question, then, is whether Hicks has shown excusable neglect.

"Whether neglect is excusable is 'at bottom an equitable [inquiry], taking account of all relevant circumstances[.]'" *Id.* at *3 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Relevant circumstances "includ[e]: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith." *Id.* (quoting *Fernandes v. Craine*, 538 F. App'x 274, 276 (4th Cir. 2013); citing *Pioneer*, 507 U.S. at 395). None of these factors "is dispositive." *In re MI Windows & Doors, Inc., Prods. Liab. Litig.*, 860 F.3d 218, 226 (4th Cir. 2017). Thus, even though "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' . . . is a somewhat 'elastic concept' and is

not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* (quoting *Pioneer*, 507 U.S. at 392).

Accounting for all the relevant circumstances, the Court finds that Hicks's failure to file her motion for review of the Clerk's order taxing costs by the deadline was due to excusable neglect. The motion was only ten days late. The delay did not prejudice the defendants or impact judicial proceedings; costs were not awarded until after the conclusion of the appeal. Though Hicks has not explained why she missed the filing deadline, it appears that both the defendants and Hicks mistakenly believed the deadline for moving for review of the Clerk's order taxing costs was 14, not seven, days from the order. The defendants' mistaken belief is apparent in their opposition to Hicks's motion, in which they argued that the motion was due on Friday, March 28—14 days after the Clerk's order taxing costs. ECF 175-1, at 2 (citing Loc. R. 105.2(a)). Hicks is silent on the issue, but the timing of her filing—Monday, March 31, one business day after a 14-day deadline—suggests that she, too, mistakenly believed she had 14 days to file the motion. Perhaps Hicks and the defendants assumed a party has 14 days to file a motion for review of an order taxing costs because under the Local Rules, parties are typically given 14 days to respond to filings. *See, e.g.*, Loc. R. 105.2(a) (14-day deadline for responding to motions); Loc. R. 103.5 (14-day deadline for responding to motions pending upon removal); Loc. R. 104.8(a) (14-day deadline for responding to motions to compel); Loc. R. 103.8 (14-day deadline for responding to show cause orders); *see also* Loc. R. 105.10 (14-day deadline for motions for reconsideration); Loc. R. 109.1(a) (14-day deadline for requests for costs); Loc. R. 109.1(c) (14-day deadline for objections to requests for costs); Loc. R. 109.2(a) (14-deadline for motions for attorneys' fees after entry of judgment). But the Local Rules do not include a deadline for filing a motion to review the Clerk's order taxing costs. The Federal Rules of Civil Procedure do. Rule 54(d)(1) states that a party may move for the

Court to review the Clerk's action "within the next 7 days." Fed. R. Civ. P. 54(d)(1).[3] Both sides missed this rule. While not reading the operative rule is generally inexcusable, the Court can understand why Hicks, Pamer, and Anne Arundel County got it wrong. The Court will not punish Hicks for the mistake—particularly when the defendants made the same one. True, Hicks filed her motion one business day *after* the assumed 14-day deadline, but just as the ten-day filing delay did not prejudice the defendants or impact judicial proceedings, the single-day delay did not either. Finally, though Hicks has not shown that circumstances beyond her control prevented her from filing on time, that failure does not prevent the Court from finding excusable neglect. *See Pioneer*, 507 U.S. at 392; *In re MI Windows & Doors*, 860 F.3d at 226. Mindful that excusable neglect is, at its core, an equitable inquiry, the Court finds that the failure to file the motion on time was due to excusable neglect and will consider the merits of the motion.[4]

---

[3] The Guidelines for Bill of Costs, which are available on the Court's website, refer parties to Rule 54(d)(1). *See* https://www.mdd.uscourts.gov/sites/mdd/files/BillofCostsGuidelines.pdf.

[4] The defendants argue that Hicks's motion should be dismissed because it is untimely, but they do not cite any caselaw in support of their position. ECF 175-1, at 2. The caselaw in this area is limited, and the few cases the Court has found do not support the defendants' position. The Fourth Circuit has held that failing to move for the court's review of the clerk's order taxing costs constituted a waiver of the right to review. *E.g.*, *Bailey v. Mid Atl. Isotopes/Geodax*, 66 F. App'x 485, 486 (4th Cir. 2003); *Thomas v. Wells Fargo Home Mortgage, Inc.*, 59 F. App'x 609, 610 (4th Cir. 2003); *James v. Int'l Paper Co.*, 10 F. App'x 78, 79 (4th Cir. 2001). But here, Hicks *did* file a motion for review of the order taxing costs and thus did not waive her right to review. In *Gary v. Spires*, the Fourth Circuit held that the district court erred in awarding costs in connection with a fee award under 42 U.S.C. § 1988 because the defendants did not file a timely motion for costs. 634 F.2d 772, 773 (4th Cir. 1980). The court reasoned that the defendants' two-month delay "severely prejudiced" the plaintiffs because the delay denied them the opportunity to consider the request for fees before their appeal was due. *Id.* But unlike in *Gary*, Hicks's motion was only ten days late, and costs were not awarded until after the appeal concluded. *See* ECF 157 (denying timely motion for bill of costs without prejudice to refiling after the Fourth Circuit issued its mandate on appeal). When other courts have denied late-filed motions for review of orders taxing costs or motions for a bill of costs because they were untimely, the delays significantly exceeded ten days. *E.g.*, *QBE Seguros v. Morales-Vazquez*, No. 15-CV-2091 (BJM), 2023 WL 3766078, at *2 (D.P.R. June 1, 2023) (more than 20 months); *Diedrich v. City of Newport News*, No. 4:04CV9, 2004 WL 3436073, at *4 (E.D. Va. Nov. 29, 2004) (more than three months), *aff'd*, 126 F. App'x 112 (4th Cir. 2005).

6

Rule 54(d) "creates the presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). "To overcome the presumption, a district court 'must justify its decision [to deny costs] by articulating some good reason for doing so,'" and there must "be an element of injustice in a presumptive cost award." *Id.* (quoting *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994)). Factors that justify denying costs include "'misconduct by the prevailing party worthy of a penalty'"; "'the losing party's inability to pay'"; "their excessiveness in a particular case"; "the limited value of the prevailing party's victory"; and "the closeness and difficulty of the issues decided." *Id.* (quoting *Congregation of The Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988)). "[A] 'virtual prerequisite' to receiving relief from the normal operation of Rule 54(d)(1)" is "the losing party's good faith in pursuing [the] action." *Id.* (quoting *Teague*, 35 F.3d at 996). Still, "that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." *Id.*

Here, a combination of factors justifies denying costs. First, there was misconduct by the prevailing party worthy of a penalty. Pamer admitted under oath that he mistakenly identified Hicks as the assailant and that he wrongfully arrested her, wrongfully detained her overnight, and wrongfully charged her with crimes. Though the jury did not find that Pamer acted recklessly or intentionally, it was undisputed that Pamer made a huge mistake when he arrested and charged Hicks with crimes she did not commit. Even though the charges against Hicks eventually were dropped, Pamer never should have arrested, detained, or charged her. Second, Hicks is unable to pay costs. Her attorney represents that Hicks is indigent and proceeding in forma pauperis. Though costs are not excessive, Hicks cannot afford to pay them. Third, Pamer's victory at trial did not vindicate civil rights or exonerate a blameless police officer. And even though Hicks did not

prevail at trial, she justifiably brought this § 1983 action to challenge her wrongful arrest, detention, and prosecution, and she has pursued this action in good faith since its inception. Finally, at least one issue at trial was a close call: Pamer's state of mind. There may not have been evidence that Pamer *intentionally* arrested, detained, and charged Hicks with crimes she did not commit, but there was some evidence that Pamer acted *recklessly* when he did so. Under the facts of this case, it would be unjust to require Hicks to pay the litigation costs incurred by the defendants who, without question, were responsible for her wrongful arrest, detention, and prosecution. Hicks is entitled to relief from the presumption that costs are awarded to the prevailing party.

Accordingly, it is this 14th day of November, 2025 hereby ORDERED that Hicks's motion for the Court to review, vacate, and set aside the Clerk's assessment of costs, ECF 174, IS GRANTED.

_____
Deborah L. Boardman
United States District Judge